1
2
3
4
5
6
7                       IN THE UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9   OSCAR CEASER,

10              Plaintiff,                    No. CIV S-12-0627 KJM DAD PS

11       v.

12   HOPE ORGANIZATION, et al.,                       ORDER

13              Defendants.

14   _____/

15              Plaintiff, Oscar Ceaser, is proceeding in this action pro se.  This matter was

16   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

17   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18              Plaintiff has submitted an in forma pauperis application that make the showing

19   required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies

20   financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A

21   district court may deny leave to proceed in forma pauperis at the outset if it appears from the face

22   of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of

23   Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821

24   F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)

25   ("It is the duty of the District Court to examine any application for leave to proceed in forma

26   pauperis to determine whether the proposed proceeding has merit and if it appears that the

1  proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

2  forma pauperis.").  Moreover, the court must dismiss an in forma pauperis case at any time if the

3  allegation of poverty is found to be untrue or if it is determined that the action is frivolous or

4  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

5  an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it

6  lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

7  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must

8  dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or

9  where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. §

10  1915(e).

11          To state a claim on which relief may be granted, the plaintiff must allege "enough

12  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

13  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

14  accepts as true the material allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

16  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

17  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

18  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

19  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

20  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21          The minimum requirements for a civil complaint in federal court are as follows:

22          A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
23          jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a
24          demand for judgment for the relief the pleader seeks.

25  Fed. R. Civ. P. 8(a).

26  /////

2

1    Here, plaintiff's complaint is deficient in several respects.  First, although

2  certainly short, the complaint does not contain a plain statement of the grounds upon which the

3  court's jurisdiction depends, a plaint statement of his claim showing that he is entitled to relief or

4  a demand for judgment for the relief plaintiff seeks.  In this regard, the complaint alleges simply

5  that "ALL DEFENDANTS IN THIS CASE IS (sic) BREAKING RULES AND

6  REGULATION."  (Compl. (Doc. No. 1) at 1.)  The complaint, however, fails to state the identity

7  of any particular defendant.  Moreover, although the complaint makes passing references to 42

8  U.S.C. § 1983, 42 U.S.C. § 1985 and the Americans with Disabilities Act, the complaint fails to

9  allege any claim for relief.

10    Although the Federal Rules adopt a flexible pleading policy, a complaint must

11  give fair notice to the defendants and allege facts that state the elements of the claims both

12  plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

13  1984).  A plaintiff must allege with at least some degree of particularity specific acts which each

14  defendant engaged in that support the plaintiff's claims.  See id.

15    Second, it appears plaintiff may be attempting to allege a claim, or claims,

16  pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 provides that,

17    [e]very person who, under color of [state law] . . . subjects, or
      causes to be subjected, any citizen of the United States . . . to the
18    deprivation of any rights, privileges, or immunities secured by the
      Constitution and laws, shall be liable to the party injured in an
19    action at law, suit in equity, or other proper proceeding for redress.

20    In order to state a cognizable claim under § 1983 the plaintiff must allege facts

21  demonstrating that he was deprived of a right secured by the Constitution or laws of the United

22  States and that the deprivation was committed by a person acting under color of state law.  West

23  v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

24  allege, and ultimately establish, that the named defendants were acting under color of state law

25  when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

26  /////

1    The statute requires that there be an actual connection or link between the actions

2  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

3  Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

6  omits to perform an act which he is legally required to do that causes the deprivation of which

7  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8    Moreover, supervisory personnel are generally not liable under § 1983 for the

9  actions of their employees under a theory of respondeat superior and, therefore, when a named

10  defendant holds a supervisorial position, the causal link between him and the claimed

11  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

12  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

13  allegations concerning the involvement of official personnel in civil rights violations are not

14  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15    Here, the only defendants named anywhere in plaintiff's complaint are the Hope

16  Organization and Mr. Jeff Rulon, both of whom are identified only in the caption of the

17  complaint.  However, the complaint fails to address how either defendant was acting under color

18  of state law when they allegedly deprived plaintiff of a right secured by the Constitution or a law

19  of the United States.

20    Finally, the complaint seeks to have the court "MOVE [plaintiff's] CASE OUT

21  OF YOLO COUNTY . . . FILED IN SUPERIOR COURT ON AUGUST 9, 2011 . . ."  (Compl.

22  (Doc. No. 1) at 1.)  Attached to plaintiff's complaint is a copy of a complaint filed in the Yolo

23  County Superior Court.  (Doc. No. 1-1 at 1-5.)

24    While federal courts have an obligation to exercise jurisdiction where it exists,

25  particularly in civil rights cases, abstention may be required under the decision in Younger v.

26  Harris, 401 U.S. 37 (1971), when there are ongoing state judicial proceedings implicating

4

1 important state interests and there is adequate opportunity in the state proceedings to raise federal

2 questions.  Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994); Miofsky v.

3 Superior Court of the State of California, 703 F.3d 332, 337-38 (9th Cir. 1983).  Here, it is

4 impossible to tell from the vague and conclusory allegations found in the complaint whether

5 there are ongoing state judicial proceedings implicating important state interests.

6          For the reasons stated above, plaintiff's complaint will be dismissed for failure to

7 state a claim.

8          The undersigned has carefully considered whether plaintiff may amend the

9 complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

10 amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

11 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

12 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

13 while leave to amend shall be freely given, the court does not have to allow futile amendments).

14 However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

15 dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

16 support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

17 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

18 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

19 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

20 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

21 1988)).

22          Here, the court cannot say that it appears beyond doubt that leave to amend would

23 be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to

24 file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an

25 amended complaint "the tenet that a court must accept as true all of the allegations contained in a

26 complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of

1    action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S.

2    662,___, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the complaint's

3    framework, they must be supported by factual allegations." <u>Id</u>. at 1950. Those facts must be

4    sufficient to push the claims "across the line from conceivable to plausible[.]" <u>Id</u>. at 1951

5    (quoting <u>Twombly</u>, 550 U.S. at 557).

6             Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

7    make an amended complaint complete. Local Rule 220 requires that any amended complaint be

8    complete in itself without reference to prior pleadings. The amended complaint will supersede

9    the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended

10   complaint, just as if it were the initial complaint filed in the case, each defendant must be listed

11   in the caption and identified in the body of the complaint, and each claim and the involvement of

12   each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise

13   but complete factual allegations describing the conduct and events which underlie plaintiff's

14   claims.

15            Accordingly, IT IS HEREBY ORDERED that:

16            1. Plaintiff's March 12, 2012, application to proceed in forma pauperis (Doc. No.

17   2) is denied without prejudice.[1]

18            2. The complaint filed March 12, 2012 (Doc. No. 1) is dismissed with leave to

19   amend.

20            3. Within thirty days from the date of this order, an amended complaint shall be

21   filed that cures the defects noted in this order and complies with the Federal Rules of Civil

22   Procedure and the Local Rules of Practice. The amended complaint must bear the case number

23   assigned to this action and must be titled "Amended Complaint."

24   /////

25   _____

26   [1] If plaintiff elects to file an amended complaint, he may submit a new application to
proceed in forma pauperis or pay the required filing fee.

1          4.  Failure to comply with this order in a timely manner may result in a

2    recommendation that this action be dismissed.

3    DATED: May 10, 2012.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7    DAD:6
     Ddad1\orders.pro se\perez601.ifp.den.ords

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26